### In re FOSTER.

(District Court, D. Vermont. September 5, 1910.)

BANKRUPTCY (§ 258*)—SALE OF PROPERTY—MORTGAGED PROPERTY—RIGHTS OF MORTGAGEE.

Property of a bankrupt incumbered by mortgage liens given in good faith and duly recorded more than four months prior to the filing of the petition, which it is provided by Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), "shall not be affected by this act," should not be ordered sold by the trustee, unless it appears that the liens will not be affected, and that the sale will benefit the estate. Where such liens were nearly twice the appraised value of the property and the mortgagee made no claim against the estate, a sale was not justified and should be set aside, nor can the mortgagee be charged with the expense thereof.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 258.*]

In the matter of Fred G. Foster, bankrupt. On review of orders of referee. Orders set aside.

V. A. Bullard, for petitioner.
Henry Brockway, trustee, in pro. per., and F. H. Clark, for trustee.

MARTIN, District Judge. Petition by G. E. Smith for review of the orders made by the referee relating to the sale of certain real estate in which the petitioner is interested as mortgagee, and the assessment of expenses thereon to said petitioner. This cause came on for hearing at chambers, Brattleboro, Vt., August 29, 1910, at 2 o'clock p. m. V. A. Bullard, Esq., appeared for G. E. Smith, and Henry Brockway, the trustee, appeared in person, with F. H. Clark, Esq., his attorney.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

It appears that the real estate in question was sold by a copartnership, of which the said Smith is surviving partner, to one Tucker for about $7,300, and practically no purchase money was paid, notes being given by said Tucker therefor and payment secured by two mortgages, one on the land for about $5,300 and the other on the mill for the balance. Subsequently the said Tucker gave the bankrupt a bond for a deed covering the major part of said property. The conditions of the bond were never performed by the bankrupt, yet the property was appraised by the appraisers in bankruptcy proceedings as the property of the bankrupt for the sum of $4,000. Notwithstanding the value was found to be more than three thousand dollars less than the mortgages and that the conditions of the bond had never been performed, the trustee of said Foster's estate petitioned the referee for leave to sell the same free of mortgage liens or claims thereon.

On hearing on review before me I inquired of the trustee under what process of reasoning he concluded that such a sale would be beneficial to the bankrupt estate. His only answer was that the petition was sent to him by the referee with a request that he sign it. Notice was given of the pendency of said petition. No one appeared in opposition thereto, and the referee ordered said real estate to be sold free and clear of mortgage liens thereon. On the day fixed for the sale said Smith appeared and announced his interest in the property, whereupon the sale was postponed and a petition made by the trustee, upon the advice of the referee, to the judge to restrain said Smith from interfering with the sale. No restraining orders were issued, but the said Smith did not further object to the sale. I think he was justified in the course he pursued. On the day to which the sale was postponed the property was sold at public auction to the highest bidder, who was the said Smith, for about $1,700, and thereafter said sale was confirmed by the referee and said Smith assessed to pay about $120 of the expenses of said sale; and the referee further ordered that the price for which the property was bid off by the said Smith should be applied on the mortgage indebtedness of the said Tucker to him, and that said Smith might present his claim against the bankrupt estate for the balance due upon the mortgage lien which was for the purchase price of the premises on the sale by said Smith to Tucker.

It further appears that said Smith made no claim against the bankrupt estate for any part of the amount due upon said mortgage notes so executed by the said Tucker, and, so far as the bankrupt estate was concerned, he made no claim for an allowance from said estate. He simply asked to be let alone as the mortgagee under the mortgages given by said Tucker. No claim was made but what these mortgages were made in good faith and duly recorded more than four months preceding the filing of the petition in bankruptcy.

Said Smith now asks this court to set aside said sale and the order for the payment of expenses thereon, and still makes no claim against the bankrupt estate for the balance due upon these mortgages. If the orders of the referee are to stand, there must be allowed against the bankrupt estate about $5,500 as a balance due on the mortgages; or, in other words, the referee has ordered a sale of mortgaged real estate, which brought less than $2,000, that was incumbered for over

$7,000, and against the protest of the mortgagee, thus attempting to force the secured creditor to prove a claim of upwards of $5,000 against the bankrupt estate, when the creditor is willing to take the mortgaged property and make no claim against the bankrupt. Section 67d, Bankr. Act July 1, 1898, c. 541, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), provides:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this act."

Such was the reading of section 67d at the time of adjudication of bankruptcy in this case. The amendment under Act June 25, 1910, c. 412, § 12, 36 Stat. 842, does not change it so far as it is applicable to the case at bar. It is self-evident that Congress intended by using the words "shall not be affected by this act" that a vigilant creditor (proper vigilance is always to be commended) should not be affected; that is, should not be injured by bankruptcy proceedings. The amendment above referred to inserts the words "to the extent of such present consideration only." That is, the security that a creditor has obtained to the extent of the original consideration shall not be affected. Besides, the power of the court in ordering a sale of mortgaged property should never be exercised unless the bankrupt estate will be benefited thereby, or the mortgagee proves his secured claim.

I am unable to see how either the trustee or the referee could have formed that conclusion. The trustee set out these mortgages, the amount due thereon at $7,300, and the appraised value of the property at $4,000 in his petition for leave to sell the same unencumbered, and it was on that petition that the referee acted in making the order of sale. Property of a bankrupt, incumbered by mortgage liens given in good faith and duly recorded more than four months before the filing of the petition in bankruptcy, should be carefully inquired into before an order of sale is made, and it should appear that such liens will not be affected by the sale and the bankrupt estate will be benefited thereby provided, as in this case, the mortgagee makes no claim against the bankrupt estate.

I am unable to find any evidence before the referee tending to show that the estate would be benefited by making the order of sale. The mortgagee contends that he is injured by the proceedings of said sale in that he is assessed to pay about $120 of the expenses thereof. I am satisfied from the facts reported that these expenses were uselessly incurred.

The order of sale and the order confirming the sale is reversed, and the trustee is directed not to execute and deliver a deed of said property; and the order of the referee taxing costs against the mortgagee of the real estate in question is also reversed.