In re BRESLAUER.

(District Court, N. D. New York. April 6, 1903.)

1. BANKRUPTCY—FILING OF PETITION—EFFECT.
    The filing of a petition in bankruptcy is a caveat to all the world, and in effect an attachment and injunction.

2. SAME—VOIDABLE JUDGMENT—LEVY AND SALE.
    Under section 67f of the bankruptcy act of 1898, Act July 1, 1898, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3450], which provides that a judgment against an insolvent obtained within four months of the filing of a petition in bankruptcy shall be deemed void, except as to bona fide purchasers, in case he is adjudged a bankrupt, a levy and sale under such a judgment are also rendered void by the adjudication.

3. SAME—ADVERSE CLAIM—DETERMINATION.
    A bankruptcy court has power to determine whether a claim to money obtained from a sale of the bankrupt's property is an adverse claim existing at the time the petition was filed.

4. SAME—SURRENDER OF PROPERTY.
    A bankruptcy court has jurisdiction to compel the surrender to the trustee of funds not held under an adverse claim.

5. SAME—FUNDS DERIVED FROM EXECUTION SALE.
    A claim to money received to apply on a judgment obtained within four months preceding the filing of a petition in bankruptcy by the

debtor, and derived from a sale of the bankrupt's property made after the petition was filed, but before adjudication, the judgment creditor and the purchaser at the execution sale both having had notice of the pendency of the bankruptcy proceedings, is not an adverse claim existing at the time the petition was filed.

This is a motion for a rule or order directing and compelling A. D. Mather & Co.'s Bank, of Utica, N. Y., to turn over and pay to Edward H. Wells, as trustee of the property, etc., of Alphonse Breslauer, the above-named bankrupt, the sum of $400, being the amount realized by the sheriff on the sale of a stock of goods belonging to said Breslauer, and which said sheriff paid over, less his fees and expenses, to said bank, and which sale and payment took place after the institution of proceedings in bankruptcy.

Grant & Wager, for the motion.
M. H. Sexton, opposed.

RAY, District Judge. On or about July 1, 1902, A. D. Mather & Co.'s Bank, of Utica, N. Y., in an action in the Supreme Court of said state, obtained and duly entered in the clerk's office of the county of Oneida, N. Y., a judgment against Alphonse Breslauer and Bertha Breslauer, his mother, for the sum of $1,558.93. On the same day an execution on said judgment was duly issued, and placed in the hands of Lincoln E. Brownell, the sheriff of said county. This execution was placed in the hands of a deputy of said sheriff, who by virtue thereof immediately levied upon the stock of goods belonging to said Breslauer. On the 28th day of July, 1902, said sheriff received another execution against said Alphonse Breslauer in favor of one Ewald Fleitmann and others, the plaintiffs therein, for the sum of $702.81. On the 31st day of July, 1902, at the request of M. H. Sexton, Esq., the attorney for said bank, said sheriff caused public notice of a sale of said stock of goods under and by virtue of such execution to be given as required by law, such sale to take place on the 7th day of August, 1902, at 10 o'clock in the forenoon, on the premises where such goods were at the time of the levy. At the request of the plaintiffs in the second execution, the sale was duly adjourned to August 11th, at 10 a. m., at the same place. The sheriff in his affidavit says that, by his deputy, he attended on the adjourn day, and, there being no objection to the sale and no request for a further adjournment, the said property was sold to one Myles J. Evans for the sum of $400, he being the highest bidder, and that being the highest sum bid for the same. On the same day the sheriff, after deducting his fees and the expenses of the levy and sale, paid over the balance, $336.87, to said bank, plaintiff in the first judgment and execution. On the 7th day of August, 1902, John H. Grant served on and delivered to said sheriff and to the said bank a notice, of which the following is a copy:

"To A. D. Mather & Co.'s Bank, and to Lincoln E. Brownell, Sheriff of Oneida County:

"Take notice that we are about to petition Alphonse Breslauer or B. Breslauer & Son into bankruptcy on the ground of their insolvency, and their having committed an act of bankruptcy in permitting A. D. Mather & Co.'s

Bank to obtain judgment and thus giving it a preference over their other creditors and forbid you applying any of said Breslauer's money or property to the payment of said judgment or debt of A. D. Mather & Co.'s Bank.

"Yours, etc.,                               Fleitmann & Co."

"Dated Aug. 6, 1902."

The sheriff asserts that he received no other or further notice of these proceedings in bankruptcy. November 22, 1902, Bertha Breslauer, the other defendant in said judgment and execution, paid the balance of said judgment, and A. D. Mather & Co.'s Bank thereupon assigned said judgment to her. The money paid over by the sheriff to the bank was deposited by itself, and a certificate of deposit issued therefor in the name of the bank. The fund has thus been kept separate. As early as June, 1902, said bank knew or had reason to believe Breslauer was insolvent. Before the sale took place, the attorney for the sheriff knew the petition in bankruptcy herein had been filed. There is abundant evidence to show that the sale to Evans was collusive and fraudulent as between him and the bankrupt, and that he knew of the insolvency of Breslauer and the pendency of the proceedings and the injunction hereinafter mentioned. On the 8th day of August, 1902, a petition in involuntary bankruptcy was filed against the said Breslauer, and a subpœna issued, and, on the 9th day of August, John H. Grant, of Utica, N. Y., was duly appointed temporary receiver of the property of said Breslauer, and an order was made by Judge Thomas of this court enjoining and restraining the sheriff of Oneida county, N. Y., and all other persons, from selling or in any way transferring the property of said Alphonse Breslauer. On the 9th day of August, 1902, said Alphonse Breslauer made and filed in this court a voluntary petition in bankruptcy, and August 12, 1902, he was duly adjudged a bankrupt, and thereafter the voluntary and involuntary proceedings were consolidated. On or about September 12, 1902, William H. Comstock, the referee to whom such proceedings had been duly referred, and who had such matter in charge, made an order setting aside and vacating said sheriff's sale, which order has not been reversed, set aside, or appealed from. Thereafter, and before the commencement of this proceeding, said trustee, Edward H. Wells, who was duly appointed trustee of said bankrupt estate on the 27th day of August, 1902, and who had duly qualified, demanded of said A. D. Mather & Co.'s Bank the proceeds of said sheriff's sale of said property of said bankrupt, but said bank refused to pay same over. Thereafter this proceeding was instituted.

It is contended by the bank that this court has no power or jurisdiction to make an order compelling said bank to surrender and pay over said money. It has not been made a party to the proceeding by proving any claim. It has none to prove, it insists, having been paid in full in the manner and from the sources stated. The injunction order was not served on the sheriff prior to the sale and payment of the money derived therefrom to the said bank. The filing of the petitions in bankruptcy were a caveat to all the world, and in effect an attachment and injunction. Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 274, 46 L. Ed. 411, held:

"The bankruptcy court has power to compel the surrender of money or other assets of the bankrupt in his possession, or that of some one for him, on petition and rule to show cause. The filing of a petition in bankruptcy is a caveat to all the world, and in effect an attachment and injunction, and, on adjudication and qualification of trustee, the bankrupt's property is placed in the custody of the bankruptcy court, and title becomes vested in the trustee. By section 70 of the Bankruptcy Act, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], the trustees, upon their appointment and qualification, are vested by operation of law with the title of the bankrupt, as of the date when he was adjudged a bankrupt, in all his property, excepting that exempt by law from execution and liability for debts, and including property transferred by him in fraud of his creditors."

Bardes v. Hawarden Bank, 178 U. S. 524, 526, 20 Sup. Ct. 196, 1000, 44 L. Ed. 960.

Subdivision f of section 67 of the act of July 1, 1898, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3450], provides as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect: provided, that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

It is evident that, on the adjudication in bankruptcy being made, the judgment of the A. D. Mather & Co.'s Bank became null and void, as did the levy and sale thereunder, and the property itself or its proceeds may be followed and reclaimed by the trustee, in whom the title thereto vested on the 12th day of August, 1902. The bank knew Breslauer was insolvent, and knew bankruptcy proceedings were about to be instituted, as did the sheriff. The purchaser at the sale, Evans, was not a bona fide purchaser for value, or one who acquired the property without notice or reasonable cause for inquiry. He had both actual notice and reasonable cause for inquiry, as the evidence shows. The same is true of the bank. The title to this money passed to the trustee on his appointment and qualification as of the day of adjudication. The only question is, has this court power and jurisdiction summarily in this proceeding to compel the bank to pay over the money received to apply on its judgment obtained within the four months preceding the filing of the petition, and derived from a sale of the bankrupt's property made after the petition was filed and subpoena issued, but before adjudication? That a subsequent adjudication in bankruptcy annuls all execution liens obtained within four months of filing the petition is plain. In re Kenney (D. C.) 97 Fed. 557; In re Reichman (D. C.) 91 Fed. 624; In re Fellerath (D. C.) 95 Fed. 121; In re Rome Planing Mill (D. C.) 96 Fed. 812;

121 F.—58

In re Vaughan, Id. 560; In re Higgins (D. C.) 97 Fed. 775; In re Burrus, Id. 926.

The only question is, did the bank hold this property or money under an assertion of adverse title existing at the time the petition was filed. Or, more nearly in the language of the Supreme Court of the United States, does the bank now assert an adverse claim of title or ownership existing at the time the petition was filed? This court has power to ascertain and determine whether in this case the claim asserted by the bank is an adverse claim existing at the time the petition was filed. Louisville Trust Co. v. Comingor, 184 U. S. 25, 22 Sup. Ct. 296, 46 L. Ed. 416; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. At that time the bank had only a lien on the property by virtue of the levy under the execution issued on its judgment, and which judgment and lien would become void, as the bank knew, in case a petition in bankruptcy was filed and the defendant in the judgment and execution was adjudicated a bankrupt. Subdivision f, § 67, Act July 1, 1898, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]. If not held, under such an adverse claim, this court has jurisdiction to make the order and compel payment over. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. It seems too plain for argument that the bank had no such claim at that time. The bank is not a bona fide purchaser for value who acquired this money without notice or reasonable cause for inquiry. In truth, there is no pretense, except in mere words, that the bank held this money or the property from which it was derived under an adverse claim at the time the petition was filed. Adverse claim, to defeat these proceedings, must be a holding of the property, at the time the petition is filed, under a bona fide claim of ownership, not a mere lien that falls the moment the debtor is adjudged a bankrupt. The material facts are undisputed, and the case of Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, would seem to dispose of the question involved. In that case the bankrupt, nine days before the filing of the petition against him, made a general assignment for the benefit of his creditors. After the filing of the petition, the assignee sold the property to one Bernheimer. This was before the adjudication in bankruptcy. Bernheimer, so far as appears, acted in good faith and paid full value. But he had knowledge of the pendency of the bankruptcy proceedings. He took no title as against the trustee.

That the trustee may recover this money is plain. Levor v. Seiter, 8 Am. Bankr. R. 459, 462, 74 N. Y. Supp. 499. Indeed, if a judgment creditor, having knowledge of the insolvency of the judgment debtor, and that bankruptcy proceedings are about to be instituted, and which are commenced before a sale, can sell the property levied on after petition filed and, keep the proceeds, the law is pro tanto defeated. No plenary action is necessary or proper.

The motion must be granted as to the money paid to the bank. So ordered.