### In re GRAESSLER & REICHWALD.

### CONSANI v. BRANDON.

#### (Circuit Court of Appeals, Ninth Circuit. May 20, 1907.)

#### No. 1,410.

1. BANKRUPTCY—PROCEEDINGS TO REVISE IN MATTERS OF LAW—SCOPE.

Bankr. Act July 1, 1898, § 24b, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], giving Circuit Courts of Appeals authority to superintend and revise in matters of law, was intended to provide a summary method of revising the orders of courts of bankruptcy on questions of law, and does not contemplate any review of facts.

2. SAME—JURISDICTION OF COURT—SUMMARY PROCEEDINGS FOR SURRENDER OF ASSETS.

Where property of bankrupts was taken on a void attachment and the proceeds paid to the plaintiff on a judgment against the bankrupts, recovered by default several weeks after the filing of their petition in bankruptcy, which fact was known to the plaintiff, a referee has authority under Bankr. Act July 1, 1898, § 2 (7), and section 67f, c. 541, 30 Stat. 546, 565 [U. S. Comp. St. 1901, pp. 3421, 3450], to make a summary order requiring such proceeds to be paid over to the trustee.

3. SAME—COMMITMENT FOR CONTEMPT.

Where an order by a referee requiring a person to turn over money to a trustee in bankruptcy was within his lawful authority, the District Court has power to commit such person for contempt for refusal to obey such order.

Petition for Revision of Proceedings in the District Court of the United States for the Northern District of California, in Bankruptcy.

Presenting his petition under the provisions of section 24b of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], the petitioner alleges that on or about March 15, 1906, he was ordered to appear before the referee in bankruptcy and show cause why he should not be ordered to pay to the trustee in bankruptcy the sum of $395.96, alleged to have been received by him upon an execution against the property of the bankrupts within four months after the filing of the petition in bankruptcy; that in response to said order petitioner appeared before the referee and objected to his jurisdiction to make the order, on the ground that the remedy was an independent suit to recover said money, and that the referee had no jurisdiction in a summary proceeding to order the petitioner to surrender the same; that the referee proceeded to the hearing of the order to show cause, and on April 17, 1906, made an order directing the petitioner to pay said money to the trustee; that on or about October 1, 1906, the trustee filed in the District Court for the Northern District of California his petition for an order to show cause why the petitioner herein should not be punished for contempt for failing to obey the said order of April 17, 1906; that to said order the present pe-

titioner filed a written and verified answer; that on November 14, 1906, said District Court adjudged the petitioner guilty of contempt, and ordered that he pay said sum of $395.96 within 10 days, or be confined in the county jail until the order was complied with, unless sooner released by the order of said court.

The petitioner alleges that the said District Court erred in adjudging him guilty of contempt, and in holding that the referee had jurisdiction to make the order, the violation of which was held to be contempt.

Albert P. Wheelan and Louis Ferrari, for petitioner.

William A. Coulter, for respondent.

Before ROSS and GILBERT, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge (after stating the facts). Section 24b of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], gives the Circuit Courts of Appeals authority to superintend and revise in matters of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. It was intended thereby to provide a summary method for revising the orders and decisions of courts of bankruptcy upon questions of law, and the section does not contemplate any review of facts. In re House, Hazard & Co., 91 Fed. 96, 33 C. C. A. 356; In re Purvine, 96 Fed. 192, 37 C. C. A. 446; In re Whitener, 105 Fed. 180, 44 C. C. A. 434. The only question, therefore, presented for our consideration on this petition is whether the proper remedy of the trustee to recover the money which was obtained by the petitioner was a plenary suit in court or a summary proceeding such as he adopted. If the property had been in the adverse possession of the petitioner before the bankrupts filed their petition to be adjudicated bankrupts there can be no doubt that a plenary suit would have been necessary. But assuming, as we may under the record, the facts to have been, as it is claimed by the respondent herein that they were, that certain property of the bankrupts was taken upon a void attachment and that the money realized on the sale thereof was paid to the petitioner on a judgment entered in his favor by default against the bankrupts several weeks after they had filed their petition in the District Court to be adjudicated bankrupts, and that this was known to the petitioner, we think there can be no question that under the provisions of section 2 (7) and section 67f of the bankruptcy act, authorizing the referee to compel the surrender of funds to the trustee, the proceeding had before the referee in this case was permissible. Bryan v. Bernheimer, 181 U. S. 185, 21 Sup. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; In re Breslauer (D. C.) 121 Fed. 910; In re Goldberg (D. C.) 121 Fed. 578. And, if the referee could lawfully make the order, it follows that the court below could deal with the petitioner as for contempt, and commit him to imprisonment for refusal to obey the order. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Ripon Knitting Works v. Schreiber (D. C.) 101 Fed. 810.

There is nothing in the petition or in the record which is before us to show that the referee acted without jurisdiction, or that there was error in the order of the District Court.

The application for revision is denied, and the petition is dismissed.