## STAUNTON v. WOODEN.

### In re UNITED HARNESS CO.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1910.)

### No. 1,776.

1. BANKRUPTCY (§ 206\*)—ADMINISTRATION OF ESTATE—SUMMARY PROCEEDINGS AGAINST CLAIMANT UNDER ATTACHMENT.

Where a claim to possession of property of a bankrupt's estate, as against the trustee's right of possession, is based solely on an attachment lien, which is avoided by the adjudication in bankruptcy, the person or officer so in possession is not an adverse claimant, but holds as bailee for the trustee, and must deliver the property on proper demand, and may be required to do so by a summary order of the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 206.\*]

2. BANKRUPTCY (§ 14\*)—JURISDICTION OF COURTS—ORDER TO BE ENFORCED IN ANOTHER DISTRICT.

The court in which a petition in bankruptcy is filed has plenary jurisdiction in bankruptcy coextensive with the United States to order and control the disposition of the bankrupt's estate and to determine all liens thereon and all interests affecting it, and may issue citation to persons in another jurisdiction to appear before it in respect to such matters; but it cannot issue process to be enforced in another territorial jurisdiction, nor make a summary order for the delivery of property which must be there enforced, but such an order can only be obtained by ancillary proceedings by the trustee in the court of the district where it must be executed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. § 14.\*]

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Petition for Revision of a Certain Order of the District Court of the United States for the Northern District of California.

In the matter of the United Harness Company, bankrupt. Petition by Dave Staunton for revision of an order of the District Court. Order reversed.

The petitioner presents, in a petition for revision in bankruptcy, the following facts: The United Harness Company was a corporation of the state of California, having a branch store in Nevada. On April 22, 1908, a petition in bankruptcy was filed against the corporation, in the District Court of the United States for the Northern District of California, and on May 12, 1908, at 12 o'clock m., the corporation was adjudged a bankrupt. On April 20, 1908, two days before the petition in bankruptcy was filed, certain personal property of the bankrupt in Nevada was attached in an action brought against the corporation in a court of that state. Judgment was rendered against the corporation in that action, and on May 1, 1908, execution was issued against the attached property, and on May 12, 1908, at 2 o'clock p. m., the sheriff sold and delivered the same to Dave Staunton, the petitioner herein, and he paid the sheriff the purchase price therefor. On June 25, 1908, the trustee of the bankrupt was elected, and thereafter he made demand for the possession of the property so attached, which demand was refused. On February 23, 1909, the trustee filed a petition in the bankruptcy court, setting forth the facts above stated, and praying for an order that said Dave Staunton produce and surrender the said property to the trustee. The referee made an order fixing a time and place for hearing the petition, and directed that said Staunton show cause why the prayer of the petition should not be granted. A copy of

the petition and order were duly served upon him. At the time and place designated for the hearing, he specially appeared and objected to the jurisdiction of the court over the matter and the property in controversy. The referee overruled the objection, and made the order, and thereafter the District Court affirmed his ruling.

D. M. Duffy, for petitioner.

O. K. Cushing, Elliott McAllister, Charles S. Cushing, and Wm. S. McKnight, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The petition presents two questions for review: First, had the court in which the bankruptcy proceedings were pending jurisdiction, on the petition of the trustee in bankruptcy, to act in personam against a citizen and resident of another state, who within that state was served with notice to appear and show cause before the bankruptcy court? And, second, conceding such jurisdiction, could the bankruptcy court require the surrender of the property by a summary order, or was it necessary to proceed by a plenary suit instituted by the trustee against the petitioner in the state in which he resided, and where the property was?

The moment a petition in bankruptcy is filed the jurisdiction of the bankruptcy court begins, and the petition so filed is lis pendens, and notice to all the world. It has the effect both of an attachment and an injunction, and the adjudication of bankruptcy discharges any attachment levied within four months prior to the filing of the petition, unless the bankruptcy court shall order the lien preserved for the benefit of the bankrupt's estate, and it operates as a seizure of the property, the title to which subsequently passes to the trustee. Where the claim of possession as against the trustee's right of possession is based solely on an attachment lien, which is annulled by the adjudication in bankruptcy, the person or officer so in possession holds as bailee, for the trustee, and must deliver the property upon proper demand, and may be required to do so by a summary order issued from the bankruptcy court. He is not an adverse claimant, and his mere refusal to surrender the property does not make him such. In re Walsh Bros. (D. C.) 159 Fed. 560; White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183; In re Breslauer (D. C.) 121 Fed. 910; In re Graessler & Reichwald, 154 Fed. 478, 83 C. C. A. 304; Louisville Trust Co. v. Comingor, 184 U. S. 25, 22 Sup. Ct. 293, 46 L. Ed. 413, Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405.

But can the bankruptcy court make a summary order which is directly enforceable outside of its territorial jurisdiction? It is said that the question is answered affirmatively in Wood v. Henderson, 210 U. S. 246, 28 Sup. Ct. 621, 52 L. Ed. 1046. In that case the majority of the court held that the bankruptcy court in which bankruptcy proceedings are pending has jurisdiction under section 60d of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3446]), to re-examine, on petition of the trustee, the validity of a payment or transfer made by the bankrupt, in contemplation of bankruptcy, to an attorney for legal services to be rendered by him,

and to ascertain and adjudge what is the reasonable amount to be allowed for such services, and to direct payment of any excess to the trustee, and that, if such attorney is a nonresident of the district, an order directing him to show cause, or a citation or notice of the proposed hearing, may be served without the district. This was held in view of the fact that section 60d gave to the bankruptcy court, and to no other court, jurisdiction to determine the question of the reasonableness of the amount so paid. Said the court:

"There is no provision for the enforcement of this section in any other court of bankruptcy, where the bankrupt may be personally served with process in a plenary suit. Such court is not given authority to re-examine the transaction. No other court .has authority to determine the reasonable amount for which the transaction can stand"—citing Swartz v. Frank, 183 Mo. 439, 82 S. W. 60.

The court further held that, while section 60d made no provision for the service of process, reasonable and appropriate notice to the parties affected should be required, and an opportunity should be given them to be heard. But the decision does not go so far as to hold that the order of the bankruptcy court made upon such a hearing may be enforced by that court. In the opinion it is said:

"It may be that this order, though binding upon the parties, cannot be made finally effectual until a judgment is rendered in a jurisdiction where it can be executed."

In brief, it is the decision of the court that the proceeding under section 60d is administrative, and not judicial, and that while the bankruptcy court may, upon notice to a person without the territorial limits of the court's jurisdiction, determine the amount of the wrongful prepayment to him, it leaves the recovery of that amount to be accomplished by an action in a court acquiring jurisdiction of the person in the ordinary way of legal proceedings. But in that case the order of the court went no farther than to determine the validity of the transaction, fix the reasonable sum which the attorneys might retain, and order the trustee to proceed to recover the excess. The order could only be carried out, as the Supreme Court intimated, by an action in which jurisdiction could be had of the parties defendant therein. The bankruptcy court in its order made no attempt to control the action of the attorneys, or to require them to pay the excess to the trustee.

In the present case the court made a summary order, directed against a resident of another state, ordering him to surrender property in that state to the trustee. It may be conceded that the court in which the petition in bankruptcy is filed has plenary jurisdiction in bankruptcy, coextensive with the United States, to order and control the disposition of the bankrupt's estate, and is vested with jurisdiction to determine all liens thereon and all interests affecting it. Thomas v. Woods, 173 Fed. 585, 97 C. C. A. 535; In re Dempster, 172 Fed. 353, 97 C. C. A. 51; In re Muncie Pulp Co., 151 Fed. 732, 81 C. C. A. 116; Guardian Trust Co. v. Kansas City Southern Ry. Co., 171 Fed. 43, 96 C. C. A. 285; In re Granite City Bank, 137 Fed. 818, 70 C. C. A. 316. But this is not to say that the court of bankruptcy may issue its process to run into another district. It is one thing to issue citation to persons in

another jurisdiction to appear before the court of bankruptcy in a proceeding which, in its exclusive jurisdiction, it is authorized to institute with a view to determining liens or rights of property wherever situate; but it is quite another thing to issue process to be enforced in another jurisdiction.

By whom is the summary order in this case to be executed, and in what manner is obedience to. it to be enforced? There is no express provision in the bankruptcy act, or in any statute, indicating the intention of Congress to confer such power. In Toland v. Sprague, 12 Pet. 328, 9 L. Ed. 1093, it was said:

"Whatever may be the extent of their jurisdiction over the subject-matter of suits, in respect to persons and property, it can only be exercised within the limits of the district. Congress might have authorized civil process from any Circuit Court to have run into any state of the Union. It has not done so."

The bankruptcy act of 1867 (Act March 2, 1867,. c. 176, 14 Stat. 517) limited the jurisdiction of courts of bankruptcy to "their respective districts." The present act invests them with jurisdiction "within their respective territorial limits as now established, or as they may be hereafter changed"; and it has been held that a court of bankruptcy may not extend its process beyond the territorial limits of the district within which its ordinary jurisdiction may be exercised. In re Waukesha Water Co. (D. C.) 116 Fed. 1009; In re Alphin & Lake Cotton Co. (D. C.) 131 Fed. 824; In re Steele (D. C.) 161 Fed. 886. In view of these considerations, and the authorities, we are of the opinion that the District Court was not possessed of jurisdiction to make and enforce the summary order.

Since writing the above, there has come to our notice the decision of the Supreme Court in Babbitt, Trustee, v. Dutcher (decided in February, 1910, and not yet officially reported) 30 Sup. Ct. 372, 54 L. Ed. ——, in which the court quoted with approval the language of Mr. Justice Bradley in Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414, concerning the bankruptcy courts under the act of 1867, as follows:

"Their jurisdiction is confined to their respective districts, it is true; but this extends to all matters and proceedings in bankruptcy without limit. When the act says they shall have jurisdiction in their respective districts, it means that the jurisdiction is to be exercised in their respective districts."

And the court held that the District Court of the United States for the Southern District of New York had ancillary jurisdiction to entertain a petition of a trustee in bankruptcy appointed by the District Court for the Eastern Division of the Eastern District of Missouri for a summary order directing the surrender of property belonging to the bankrupt's estate then in the hands of persons within the Southern District of New York. It follows from that decision that the remedy of the trustee in the present case is to obtain his summary order by petition to the bankruptcy court of Nevada.

The order of the District Court is reversed, with costs.