In re FARRELL.

In re HEINTZ.

(Circuit Court of Appeals, Sixth Circuit. December 13, 1912.)

No. 2,241.

1. BANKRUPTCY (§ 297*)—JURISDICTION OF COURTS—SUMMARY PROCEEDING TO COLLECT ASSETS IN ANOTHER DISTRICT.

While a summary proceeding to collect property belonging to the estate of a bankrupt, which is in the possession of a stranger who resides outside of the territorial limits of the court of the adjudication, is ancillary in character, it presents a completely distinct and separable controversy, and one which must be determined by the court within whose jurisdiction the property is located and the respondent resides.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 413; Dec. Dig. § 297.*]

2. BANKRUPTCY (§ 20*)—JURISDICTION OF COURTS—PROPERTY IN CUSTODY OF STATE COURT.

Where, 18 months prior to an adjudication of bankruptcy against a building contractor, suits were commenced in the state court in another federal district to enforce liens against a fund which constituted the balance due the bankrupt on a building contract, the court of bankruptcy of the district of adjudication is without jurisdiction to order such fund turned over to the trustee, the same being within the exclusive jurisdiction of the state court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Petition for Revision of Order of the District Court for the Southern District of Ohio; Howard C. Hollister, Judge.

In the matter of Michael J. Heintz, bankrupt. On petition of James A. Farrell, trustee, to revise an order dismissing a summary proceeding instituted by him. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petitioner is the trustee in bankruptcy of the estate of Michael J. Heintz, who, on the 19th day of October, 1910, was adjudged a bankrupt by the District Court of the United States for the Northern District of Ohio. The respondent, the Board of Education of the School District of the City of Cincinnati, is a public corporation having its principal and only office and place of business in the city of Cincinnati, in the Southern district of Ohio. Heintz, the bankrupt, entered into a contract with respondent for the construction of a school building, but defaulted upon and abandoned his contract before the building was completed. Respondent then took possession of and completed the work, after which there remained in its hands of the contract price the sum of $7,685.90. The bankrupt was owing upwards of $40,000 to subcontractors, laborers, and materialmen, who filed liens and commenced attachment suits for the amounts of their claims. About 18 months before the adjudication in bankruptcy, some of these claimants, pursuant to the statutes of Ohio, instituted proceedings in the court of common pleas of Hamilton county, Ohio, for the recovery and foreclosure of their liens. Those proceedings are still pending in that court.

After his appointment as trustee, petitioner filed his petition with the referee in bankruptcy of the United States District Court for the Northern District of Ohio, praying for a summary order requiring respondent to surrender and turn over to him the money in its hands which he claimed as the property of the bankrupt estate. A copy of the petition and notice of hearing were served upon the president of the respondent in Cincinnati. Respondent did not appear, and the referee made an order requiring it to pay and deliver to the trustee in bankruptcy said sum of $7,685.90, to be held and distributed by him under the orders of the United States District Court for the Northern District of Ohio, "subject to the rights of any creditors, if any, who have in any way obtained or claim to have obtained any lien upon said fund," and directing the trustee to "apply by petition in the United States District Court at Cincinnati for a summary order on said Board of Education for the execution and enforcement of this order and decree." Thereupon, in accordance with such direction, petitioner applied to the United States District Court for the Southern District of Ohio for a summary order requiring respondent to comply with the order of the referee in bankruptcy. Respondent answered, setting forth in detail the contract with Heintz, his abandonment of the same, the completion of the building by respondent, the amount of the contract price remaining in its hands, the liens of subcontractors, laborers, and materialmen, the amounts thereof, and the proceedings in the state court for the recovery and foreclosure of such liens, and challenging the authority of the referee to make the original order, and also the jurisdiction of the United States District Court for the Southern District of Ohio to proceed further in the matter by either ancillary or original proceedings.

The District Court held: (1) That the order of the referee was void, because the District Court for the Northern District of Ohio did not have jurisdiction over either the respondent or the property sought to be recovered; and (2) that respondent's possession of the money is adverse to the rights of the trustee, and therefore that the controversy must be determined, if at all, in a plenary suit, instead of a summary proceeding. The order of the District Court dismissing the petition is here upon the application of the trustee in bankruptcy for revision.

Wm. Howell, of Cleveland, Ohio, for petitioner.

O. S. Bryant, of Cincinnati, Ohio, for respondent.

Before DENISON, Circuit Judge, and SATER and SESSIONS, District Judges.

SESSIONS, District Judge (after stating the facts as above). [1] Congress, by express enactment, has vested in the several courts of bankruptcy, "within their respective territorial limits," full and complete power and authority to try and determine bankruptcy controver-

sies, and specifically to "cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto." The jurisdiction thus defined and conferred is exclusive within the territorial limits of each court and confined to those limits. While a summary proceeding to collect property belonging to the estate of a bankrupt, which is in the possession of a stranger who resides outside of the territorial limits of the court of the original adjudication, is ancillary in character, nevertheless it presents a completely distinct and separable controversy, and therefore, one which must be determined by the court within whose jurisdiction the property is located and the respondent resides. Any other rule would result in unnecessary confusion of authority and would do violence to the plain provisions of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). This view is sustained, either directly or inferentially, by numerous authorities. Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402; Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414; Staunton v. Wooden, 179 Fed. 61, 102 C. C. A. 355; In re Waukesha Water Co. (D. C.) 116 Fed. 1009; Loveland on Bankruptcy, § 34.

[2] It is equally clear that the controversy between these parties is of such a character that it can be determined only by a plenary suit in a court of competent jurisdiction. While the respondent does not claim to be the owner of the money in question, yet it holds the fund as a legal custodian for lien claimants who are asserting rights in and to it adverse to those of the trustee in bankruptcy, and who, in accordance with the law, invoked the aid of the proper state court to perfect and enforce their liens more than 18 months prior to the filing of the petition in bankruptcy. The regularity of the proceedings to foreclose the liens is not questioned, nor can it be denied that the state court acquired complete jurisdiction and control over all the parties and property long prior to the commencement of the bankruptcy proceedings against Heintz. The ruling of this court in Re Rohrer, 177 Fed. 381, 100 C. C. A. 613, and the authorities there cited are decisive of this question. See, also, Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620; In re Rathman, 183 Fed. 913, 106 C. C. A. 253; In re Foster (D. C.) 181 Fed. 703; Loveland on Bankruptcy, § 540.

The order of the District Court is affirmed, with costs.