### In re BOSTON–CERRILLOS MINES CORPORATION.

(District Court, D. New Mexico. April 12, 1913.)

No. 163.

1. BANKRUPTCY (§ 14*)—COURTS—JURISDICTION.

A summary order by a bankruptcy court of the district of Massachusetts directing the Bank of Commerce, located in the district of New Mexico, to pay over money to 'complainant, the bankrupt's trustee in Massachusetts, was without efficacy in New Mexico, since the process of a bankruptcy court is restricted to the territorial limits of the district.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. § 14.*]

2. BANKRUPTCY (§ 154*)—RECOVERY OF ASSETS—SUMMARY PROCEEDINGS.

Where, in a proceeding against a bank to recover money alleged to belong to the bankrupt's estate, it was alleged that the bank received the money prior to the adjudication and held it on a claim of set-off, in that the bankrupt had converted certain property of which the bank was the real owner, and that the bank was entitled to set off such claim against the bankrupt's claim for the money, it sufficiently appeared that the bank's claim was adverse, and could be determined only in a plenary suit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 451–455; Dec. Dig. § 154.*]

3. BANKRUPTCY (§ 279*) — BANKRUPT'S ASSETS — RECOVERY — SUMMARY PROCEEDINGS—PLENARY SUIT.

The bankruptcy court in the district of Massachusetts having entered a summary order against the Bank of Commerce in New Mexico, requiring the bank to pay over funds to the bankrupt's trustee, a proceeding was instituted to enforce the order, in which an ordinary summons issued against the bank at law as a suit for money judgment. The complaint stated a cause of action for moneys of the bankrupt held by the bank passing to the trustee, though the prayer was for a summary order for payment, and it was further alleged that the bank was claiming a set-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

off for conversion of property by the bankrupt. *Held*, that the proceeding was not subject to a motion to dismiss or to quash the service, but would be regarded as a plenary suit, and amended, so as to comply with the requirements thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 419–424; Dec. Dig. § 279.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Boston-Cerrillos Mines Corporation. On motion to quash the summons and service. Denied.

Catron & Catron, of Sante Fé, N. M., for plaintiff.

E. W. Dobson and A. B. McMillen, both of Albuquerque, N. M., for defendants.

POPE, District Judge. This cause is pending upon a motion to quash the summons and service thereof upon a number of grounds stated in the motion.

[1] Relying first upon the ground that this is a proceeding to enforce a summary order for the payment of money from the Bank of Commerce to the complainant, trustee, made by the bankruptcy court of the district of Massachusetts, it is contended that such order made by the Massachusetts court is without efficacy, for the reason, among others, that this order, proceeding as it did upon process running into New Mexico, was and is void for lack of jurisdiction over the Bank of Commerce, against which corporation such order was directed. This contention in my judgment is well made. The process of the bankruptcy court is restricted to the territorial limits of the district. Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; In re Waukesha Water Co. (D. C.) 116 Fed. 1009; Staunton v. Wooden, 179 Fed. 61, 102 C. C. A. 355; Collier on Bankruptcy (9th Ed.) p. 25.

The case of In re Peiser (D. C.) 115 Fed. 199, cited by the plaintiff, trustee, does not hold to the contrary. There the federal courts of Pennsylvania proceeded to exercise jurisdiction in aid of the United States District Court for the Southern District of New York, which latter court had made an order committing the respondent for contempt. The Pennsylvania court, in dealing with the matter, did not recognize as of any validity such order of commitment made by the New York court, but simply made an order, in the exercise of its ancillary jurisdiction, upon the party to show cause why the relief originally prayed should not be granted. The party proceeded against resided in Pennsylvania, so that such action by the federal court in Pennsylvania was not a declaration of jurisdiction against a nonresident, and was thus not authority for plaintiff's position here. The holding there made was very far from a holding that an order for the delivery of property or money to a trustee may be made against a nonresident of the district. The proper course would seem to be by ancillary proceeding in the district where the holder of such fund is to be found. Staunton v. Wooden, supra.

The case of In re Granite City Bank, 137 Fed. 818, 70 C. C. A. 316,

is also sometimes cited in support of the position here contended for by plaintiff. In that case, however, the res was in the .possession of the trustee, and the question was simply as to the latter's right to sell it and thereby to affect the interest of a nonresident bank holding a mortgage thereon. The court held that notice to such creditor by mailing was sufficient to confer jurisdiction to dispose of the res under the express provisions of section 58 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]), which, in terms, allows notice to be given in that way of ."all proposed sales of property." That, however, is a very different matter from the one at bar, where it is sought to extend the process of a federal court of Massachusetts to New Mexico, and thus require. a citizen of the latter state to defend its holding in the state of Massachusetts. The decision' of the United States District Court for Massachusetts, therefore, cannot be deemed of any force and effect in this proceeding.

· [2] Considering this, however, as it is, not simply a proceeding to enforce a order of the bankruptcy court for Massachusetts, but as having a wider scope, may it be sustained as a summary proceeding in aid of the Massachusetts court to secure an order on the Bank of Commerce to pay· over to the trustee in that court the amount claimed to be held belonging to the bankrupt? Upon the face of the complaint herein there is not only an allegation that the Bank of Commerce holds money belonging to the bankrupt, but there are further allegations which show that .this money was received by the bank at a time antedating the adjudication, and that it is being held by the bank upon a claim of set-off, apparently bona fide, proceeding upon the claim by the bank that the bankrupt had converted to its own use cer- .tain property of which the bank was the real owner, and that the bank thereby is entitled to a set-off to the extent of the value of such property. This contention by the bank, revealed by the plaintiff's own pleading, seems to me to present a case of an adverse claim, and thus a matter which may not be reached by summary order. Claims of that character must be prosecuted by plenary suit in the court of proper jurisdiction. In re Rathman, 183 Fed. 913, 106 C. ·C. A. 253 (C. C. A. Eighth Circuit); Mimms v. Parham (D. C.) 193 Fed. 276; Johnston v. Spencer, 195 Fed. 215, 115 C. C. A. 167 (C. C. A. Eighth Circuit); First Nat. Bk. v. Hopkins, 199 Fed. 873, 118 C. C. A. 321. In so far as In re Michaelis & Lindeman (D. C.) 196 Fed. 718, is contrary to the cases just cited, it cannot be followed.

[3] This may, therefore, not be prosecuted as a summary proceeding, and the only theory upon which it may be maintained is that the pleadings herein presented are sufficient to constitute it a plenary suit, giving to the bank all the rights of a trial according to the ordinary course of the law. The process issued in this case is an ordinary summons at law as upon a suit asking· for a money judgment. It is thus perfectly adequate for all the purposes of a plenary suit. The complaint also states a cause of action at law for moneys of the bankrupt held by the bank, and thus belonging to the trustee. True, the prayer is apparently for .a summary order, rather than for a money judgment; but that does not control. In cases at law the federal

courts follow the state practice. In New Mexico the fact that the complaint concludes with the wrong prayer, or with no prayer at all, does not detract from its efficacy in invoking the exercise of the court's power in accordance with the facts pleaded. Kingston v. Walters, 14 N. M. 368, 93 Pac. 700.

It is true that under section 23 of the Bankruptcy Act a plenary suit of this character may not be prosecuted in the federal courts (save by consent), unless it be such a case as, had no bankruptcy supervened, might have been prosecuted by the bankrupt in the federal court. But this seems to be such a case. The bankrupt apparently is a nonresident and the defendant a corporation of New Mexico. The sum involved is over $2,000, and the cause of action apparently arose prior to January 1, 1912, and thus before the Judicial Code increasing the minimum jurisdictional limit of this court from $2,000 to $3,000. With the necessary diversity of citizenship and the necessary jurisdictional amount, this is a case which might have been brought by the bankrupt against the Bank of Commerce in this court, had the adjudication of bankruptcy not been made. It is sufficient, therefore, as a plenary suit, and with the proper process outstanding, and served, there is no reason why it should not proceed as such. The title of the case as it appears upon the papers is indeed informal, and some of the matters above referred to—as, for instance, the diversity of citizenship and the date of the inception of the cause of action—appear only imperfectly. These defects, however, seem to call, not for so extreme a remedy as quashing the process, but rather for the filing of an amended complaint, which is a mere incident of procedure.

The motion to quash the service and to dismiss the proceeding will accordingly be overruled, with leave to plaintiff to file an amended complaint within 20 days conforming to what has been above stated. Upon the incoming of said complaint the cause will proceed upon the present process as a plenary suit for the recovery of the amount named, under the title of Mason H. Stone, Trustee, v. Bank of Commerce. The question as to whether the bank's claim of set-off is maintainable as a matter of law can be determined equally in such suit as in the summary manner contended for by plaintiff, trustee, and at the same time such course will not be lacking in deference, as would a summary proceeding, to the rule so frequently announced by the federal courts as distinguishing summary from plenary proceedings in bankruptcy.