### In re GELLER.

#### (District Court, D. New Jersey. August 25, 1914.)

1. BANKRUPTCY (§ 297*)—JURISDICTION OF COURTS—TERRITORIAL LIMITATION.

A bankruptcy court of one district cannot, by service of process outside of that district, obtain jurisdiction to order a nonresident, who is not a party to the proceedings, to deliver property to a trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 413; Dec. Dig. § 297.*]

2. BANKRUPTCY (§ 88*)—PARTIES TO PROCEEDINGS—WITNESSES.

The appearance of a nonresident as a witness in bankruptcy proceedings, in obedience to a subpoena, does not make him a party to the proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98, 104, 109–112; Dec. Dig. § 88.*]

3. BANKRUPTCY (§ 170*)—ATTORNEYS' FEES—RE-EXAMINATION BY COURT.

Bankr. Act July 1, 1898, c. 541, § 60d, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3446), authorizing the re-examination by the bankruptcy court of fees paid by the bankrupt to an attorney in contemplation of bankruptcy, does not apply to fees paid to an attorney by assignees, under a general assignment made by the bankrupt prior to the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 267, 271; Dec. Dig. § 170.*]

In the matter of Isadore Geller, bankrupt. On petition to review order of referee. Reversed.

Clifford L. Newman and David H. Bilder, both of Paterson, N. J., for trustee.

Henry Waldman, of New York City, for respondent Kadane.

HAIGHT, District Judge. On a petition presented by the trustee in bankruptcy, an order was made by the referee, to whom the above matter had been referred, directing Joseph C. Kadane, a resident of the state of New York, to show cause why he should not be directed to turn over to the trustee certain moneys of the bankrupt, which he had collected. A copy of the order to show cause and petition were served upon Kadane in the Southern district of New York. Upon the return of the order to show cause, Kadane appeared specially to challenge the jurisdiction of the court. His objections were overruled by the referee, and an order was made directing him to forthwith pay the money to the trustee, subject to any lien that he might have thereon for services as an attorney; the amount to be determined upon application to the referee.

[1] It is to review this order that the matter is now before the court. As grounds for reversal, it is urged that the referee had not obtained jurisdiction over Kadane, because the order to show cause was not served upon him within the territorial limits of this district, and that the referee had no authority to make the order, in a summary proceeding, because Kadane was an adverse claimant. The view which I entertain makes it unnecessary to consider the second of these grounds. It has been expressly decided, in the following

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cases, that courts of bankruptcy have no jurisdiction to compel, by summary order, one who resides in another district, and who is served with process outside of the territorial limits of the court making the order, and who has not otherwise become a party to the proceedings, to deliver property in his possession, belonging to the bankrupt, to the trustee in bankruptcy. In re Waukesha Water Co., 116 Fed. 1009 (D. C. E. D. Wis.); In re Alphin & Lake Cotton Co., 131 Fed. 824 (D. C. E. D. Ark.); Staunton v. Wooden, 179 Fed. 61, 102 C. C. A. 355 (C. C. A., 9th Cir.); In re Rathfon Bros., 200 Fed. 108 (D. C. W. D. Mich.); In re Farrell (In re Heintz) 201 Fed. 338, 119 C. C. A. 576 (C. C. A., 6th Cir.). The question presented in each of these cases was identical with that now under consideration. Whatever doubt may have existed as to the inference to be drawn from the decision of the Supreme Court in Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, has been, I think, dispelled by the decision of the same court in Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, at page 311, 32 Sup. Ct. 96, at page 101 (56 L. Ed. 208). In the latter case Mr. Justice Day said:

"In the opinion in Babbitt v. Dutcher it was pointed out by Mr. Chief Justice Fuller, speaking for the court, that the jurisdiction of the bankruptcy courts, under the act of 1898, was limited to their respective territorial limits, and was in substance the same as that provided by the act of 1867 [Act March 2, 1867, c. 176, 14 Stat. 517], giving such courts jurisdiction in their respective districts in matters of proceedings in bankruptcy. The necessary deduction from these cases is to deny to the District Courts jurisdiction such as was sought to be asserted in this case by the issuing of an injunction against one not a party to the proceedings, and which undertook to have effect in the distant jurisdiction outside the territorial jurisdiction of the District Court. Under the act of 1898, as expounded in the two cases in 216 U. S., supra (referring to Babbitt v. Dutcher, and In re Elkus), the injunction might have been sought in the District Court of the United States, in the District of Missouri, where personal service could have been made upon the Beekman Lumber Company."

In that case the District Court, where the bankruptcy proceedings were pending, attempted to enjoin the prosecution by the Beekman Lumber Company, a creditor of the bankrupt, of a suit in a state court located outside of the territorial limits of that District Court. The injunction was made ex parte, and the question of service of process outside of the territorial limits of the court was not directly before the court. Mr. Justice Day, however, said (222 U. S. 311, 32 Sup. Ct. 101, 56 L. Ed. 208):

"Such proceedings could only have binding force upon the lumber company if jurisdiction were obtained over it by proceedings in a court having jurisdiction, and upon service of process upon such creditor."

These remarks, taken in connection with those above quoted, demonstrate conclusively, I think, that it was the opinion of the Supreme Court that even had process been, in the first instance, served upon the lumber company outside of the territorial jurisdiction of the court making the order, the order would have been invalid. This necessarily negatives the idea that jurisdiction was obtained in this case by a service of process outside of the territorial limits of this court.

As respects jurisdiction, there is no difference in principle between

enjoining one from prosecuting a suit which would interfere with the due administration of a bankrupt's estate, and ordering one to turn over to a trustee, for administration under the Bankruptcy Law, property of a bankrupt which is held by the former. If a bankruptcy court of one district cannot, by service of process outside of that district, obtain jurisdiction to enjoin a nonresident of that district from prosecuting a suit, it certainly cannot, by the same means, obtain jurisdiction to order a nonresident to deliver property. As opposed to this view, I am referred to the following extract from the opinion of the Circuit Court of Appeals of the Eighth Circuit in Thomas v. Woods, 173 Fed. 585, 97 C. C. A. 535, 26 L. R. A. (N. S.) 1180, 19 Ann. Cas. 1080, viz.:

"Upon the filing of a petition in bankruptcy, all property held by or for the bankrupt is brought within the custody of the court of bankruptcy, and, upon adjudication, that court is vested with jurisdiction to determine all liens and interests affecting it. This jurisdiction is coextensive with the United States."

The cases cited in support of this statement are: In re Wood & Henderson, 210 U. S. 246, 28 Sup. Ct. 621, 52 L. Ed. 1046; In re Granite City Bank, 137 Fed. 818, 70 C. C. A. 316; In re Muncie Pulp Co., 151 Fed. 732, 81 C. C. A. 116; Guardian Trust Co. v. Kansas City S. Railway Co., 171 Fed. 43, 96 C. C. A. 285, 28 L. R. A. (N. S.) 620; Dempster v. Waters-Pierce Oil Co. (In re Dempster) 172 Fed. 353, 97 C. C. A. 51. I do not think that these remarks warrant the construction contended for. The question presented in Thomas v. Woods was not one of jurisdiction over the person; the contention was that the district court of Kansas had no jurisdiction to make an order respecting property situated in another district. In re Wood & Henderson dealt only with the effect of 60d of the Bankruptcy Act, which provides for a re-examination of fees paid to attorneys in contemplation of bankruptcy proceedings. The scope of the decision is limited to cases coming strictly within the provisions of that section of the act. Acme Harvester Co. v. Beekman Lumber Co., supra. The question presented for determination in Re Granite City Bank related to the power of the court to make an order regarding the sale, free from liens, of property of the bankrupt located in another district. The report of In re Muncie Pulp Co. does not indicate that the jurisdiction of the court was questioned, or whether there had been service of process within the territorial limits of that court. The order directed that a suit be stayed. The case is not an authority, if the parties against whom the order was made were not served with process within the district. Acme Harvester Co. v. Beekman Lumber Co., supra. In re Dempster held that there was no ancillary jurisdiction in courts of bankruptcy. This has been authoritatively overruled. No question as to jurisdiction of courts of bankruptcy was before the court in Guardian Trust Co. v. Kansas City S. Railway Co. It was held in Robertson v. Howard, 229 U. S. 254, 261, 33 Sup. Ct. 854, 856 (57 L. Ed. 1174), that a bankruptcy court, in which the bankruptcy proceedings were pending, could order a sale by a trustee of property of the bankrupt situated outside of the territorial limits of the court. Chief Justice White said:

"The legal title to the certificates (which were treated as real estate in another district) being in the trustee, and he being within the jurisdiction of the court and subject to its orders, that tribunal could lawfully exert its powers over him, without regard to where the land was situated."

This is in effect, I think, what was intended to be expressed in Thomas v. Woods. The distinction between that class of cases and the one to which the case at bar belongs is vital; one relates to jurisdiction over the subject-matter, and the other to jurisdiction over the person. The court may have jurisdiction over the subject-matter, but be powerless to act because it has not obtained jurisdiction over the person. As was said in Toland v. Sprague, 12 Pet. 328, 9 L. Ed. 1093 (speaking of the jurisdiction of the Circuit Court):

"Whatever may be the extent of their jurisdiction over the subject-matter of suits, in respect to persons and property, it can only be exercised within the limits of the district. Congress might have authorized civil process from any Circuit Court to have run into any state of the Union; it has not done so."

The same may be said with equal force of the courts of bankruptcy. Congress has limited their jurisdiction to "within their respective territorial limits." I think it entirely clear, therefore, both upon reason and authority, that jurisdiction to make the order in question was not obtained by service of process outside of the territorial limits of this court. This does not mean that a bankruptcy court is without jurisdiction in this case, because, if summary proceedings are proper, ancillary proceedings may be instituted in a bankruptcy court of the jurisdiction in which the respondent resides. Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; In re Elkus, 216 U. S. 115, 30 Sup. Ct. 377, 54 L. Ed. 407; Act June 25, 1910, c. 412, 36 Stat. 838 (U. S. Comp. St. Supp. 1911, p. 1491).

[2] It is urged that, if the court had not obtained jurisdiction over Mr. Kadane by service of the rule to show cause in the manner above stated, it had, nevertheless, obtained jurisdiction, because he appeared at an examination under section 21a of the Bankruptcy Act, and was there represented by an attorney. The record discloses that he was subpœnaed as a witness and testified as such. The minutes of the meeting at which he was examined, reciting the appearances, contains the following: "Mr. Henry Waldman representing witness, Mr. Kadane." It also appears that Mr. Waldman objected to a question asked the witness. This took place before the order to show cause was made. Under the circumstances, there was not such a general appearance as under the general rule would give the court jurisdiction over his person. He was in no sense then a party to the proceedings; he was merely a witness.

[3] It is also contended that the referee's order may be sustained on the authority of In re Wood & Henderson, supra, upon the theory that part of the money which the order directs Kadane to turn over to the trustee is held by him for alleged attorney's fees. The money was not paid to Kadane by the bankrupt "in contemplation of the filing of the petition by or against him * * * for services to be rendered." The money was paid to him by insurance companies, by virtue of an assignment made by the bankrupt to two

of his creditors for the benefit of all his creditors. Kadane was first employed by the assignees and conducted the negotiations and proceedings which brought about the collection of the money. The fact that it might have occurred to the bankrupt, when he made the assignment, that proceedings in bankruptcy might thereafter be instituted either by or against him, and that the attorney to whom the collection of the moneys was intrusted might deduct his fees therefrom, coupled with the fact that he afterwards attempted to do so, cannot be considered as a payment in contemplation of the filing of a petition in bankruptcy, such as is within the purview of section 60d. Tripp v. Mitschrich (C. C. A.) 211 Fed. 424. In addition, the referee did not presume to act under section 60d. He made no attempt to re-examine the transaction and fix a reasonable fee, but he ordered the respondent to turn over all moneys, subject to any lien for services, to be thereafter determined. If he was acting under section 60d, he was required to fix the fee, and then the trustee could institute appropriate proceedings to collect the excess, if any. In re Wood & Henderson, supra.

My conclusion, therefore, is that the referee was without power to make the order complained of, and it will accordingly be reversed.