### In re O. L. WARD & CO. et al.

(District Court, N. D. California, First Division. May 25, 1917.)

No. 9960.

Bankruptcy ⊚⊸288(2)—Collection of Assets—Summary Proceedings.

Where, within four months before bankruptcy, the bankrupt, to release an attachment, deposited money with the constable in lieu of a bond, and after the adjudication, and the election of a trustee, the attachment creditor, with knowledge thereof, procured the entry of judgment and the issuance of an execution, in pursuance of which the constable paid the money in his hands to the attachment creditor, the attachment creditor was not such a bona fide adverse claimant as would compel the trustee to resort to a plenary suit, and a summary order requiring the payment of such money to the trustee was proper.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447.]

In Bankruptcy. In the matter of O. L. Ward & Co., a copartnership, and O. L. Ward, a member of such partnership, individually, bankrupts. On petition to review an order of the referee. Affirmed.

Charles Quayle, of Oakland, Cal., for petitioner.
J. W. Dignan, of Oakland, Cal., for trustee.

⊚⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DOOLING, District Judge. Review is sought of an order of the referee directing W. E. Dean to pay over to the trustee of the bankrupts the sum of $253.

Within four months before the institution of the bankruptcy proceedings, the petitioner, Dean, had brought suit against the bankrupts and attached certain of their property. To release the attachment they gave to the constable $253 in cash, in lieu of a bond. The constable released the attached property and held in his possession the money, $253, in place of the attached property. After the adjudication of the bankrupts and the election of a trustee, and with knowledge of such adjudication and election, Dean procured a judgment to be entered against them in the action in question, and procured a writ of execution to be issued thereon, and in pursuance of said writ the constable paid over to him the $253 in his hands in satisfaction of the judgment. Upon a petition by the trustee, and notice to Dean, and a hearing on the merits, the referee made the order complained of, directing Dean to pay to the trustee the $253 so received by him from the constable.

The petitioner contends that the referee could not by summary proceedings deprive him of this money, because he was an adverse claimant, in good faith, and having the money in his possession. This claim is disposed of by the language of the Circuit Court of Appeals of this circuit in Staunton v. Wooden, 179 Fed. 61, 102 C. C. A. 355 as follows:

"The moment a petition in bankruptcy is filed, the jurisdiction of the bankruptcy court begins, and the petition so filed is lis pendens, and notice to all the world. It has the effect both of an attachment and an injunction, and the adjudication of bankruptcy discharges any attachment levied within four months prior to the filing of the petition, unless the bankruptcy court shall order the lien preserved for the benefit of the bankrupt's estate, and it operates as a seizure of the property, the title to which subsequently passes to the trustee. Where the claim of possession as against the trustee's right of possession is based solely on an attachment lien, which is annulled by the adjudication in bankruptcy, the person or officer so in possession holds as bailee for the trustee, and must deliver the property upon proper demand, and may be required to do so by summary order issued from the bankruptcy court. He is not an adverse claimant, and his mere refusal to surrender the property does not make him such."

This is not the case of a creditor who has received money from a bankrupt prior to the filing of the petition, but of one who has received money after adjudication, the title to which money had already passed by operation of law to the trustee. Nor is it the case of a constable releasing an attachment upon a bond given him by third parties, which bond would not be invalidated by the bankruptcy proceedings. It is the case of a constable holding the money of the bankrupts themselves, which money was a part of the assets to be marshaled and disposed of by the bankruptcy court, and petitioner, having received the money from the constable after adjudication and after the election of the trustee and with full knowledge of both such adjudication and election, cannot be heard to say that he is such a bona fide adverse claimant as would compel the trustee to resort to a plenary suit. Graessler v. Reichwald, 154 Fed. 478, 83 C. C. A. 304.

The order of the referee is therefore affirmed.