**NOLL v. HODGSON (two cases).**

**In re K & N STORES, Inc.**

**Nos. 3521, 3577.**

Circuit Court of Appeals, Fourth Circuit.

April 3, 1934.

Harry Nusbaum, of Canton, Ohio, for appellant.

C. Lee Spillers, of Wheeling, W. Va., for appellee.

Before PARKER, Circuit Judge, and WILLIAM C. COLEMAN and CHESNUT, District Judges.

PARKER, Circuit Judge.

The K & N Stores, Inc., a corporation of West Virginia, was adjudged bankrupt by the court below. The president of that corporation was the appellant, Noll, who was a resident of the state of Ohio. On March 24, 1933, the trustee in bankruptcy filed a petition with the court asking that Noll be required to surrender and turn over as belonging to the bankrupt estate $9,400 which he had collected in payment of a fire loss sustained by the bankrupt, and which he had deposited to his account in a bank in Ohio. Process issued upon the petition was served in Ohio; and Noll, appearing specially for that purpose, challenged the jurisdiction of the court by moving to quash the process. The grounds of the motion were that he was a citizen and resident of Ohio; that process had been served by mail upon his attorney in that state; that the place of his residence, which was the place of service of process, was thus beyond the jurisdiction of the court; and that the transaction complained of in the petition took place beyond the court's jurisdiction. His motion was overruled by the referee, and he duly excepted. He then moved that the hearing on the petition be continued until ruling could be had upon a petition for review; and this motion also was overruled. Hearing was then had, and a turn-over order was entered by the referee, which was approved by the District Judge, notwithstanding that the court's jurisdiction was again challenged in the petition for review. Inasmuch as we think that this jurisdictional point was well taken, we need not consider the other questions raised by the appeal.

It is clear that the proceeding was one in personam and not one where the court was called upon to determine the rights of parties with respect to a res in its possession. The question on the jurisdictional point, then, is whether the court acquired jurisdiction of the person of respondent by service of process made beyond the territorial limits of the district. We do not think that it did. Courts of bankruptcy are vested with jurisdiction in bankruptcy proceedings "within their respective territorial limits." Bankr. Act § 2, 11 USCA § 11. And, although the trustee in bankruptcy may take possession of the property of the bankrupt wherever situate, and the court may make orders affecting any property in the possession of the trustee, it cannot make its process effective except within the territory of its jurisdiction. Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 311, 32 S. Ct. 96, 56 L. Ed. 208; Progressive Building & Loan Co. v. Hall (C. C. A. 4th) 220 F. 45; Collier on Bankruptcy (13th Ed.) vol. 1, p. 45; 7 C. J. 24; Remington on Bankruptcy (3d Ed.) vol. 5, § 2205.

The question of acquiring jurisdiction of a nonresident in a summary proceeding to obtain a turnover order, by service of process beyond the limits of the district, which is the question here involved, has been raised in a number of cases; and it is well settled that jurisdiction cannot be acquired in this way.

Staunton v. Wooden (C. C. A. 9th) 179 F. 61; In re Farrell (C. C. A. 6th) 201 F. 338; In re Geller (D. C.) 216 F. 558; In re Rathfon Bros. (D. C.) 200 F. 108; In re Waukesha Water Co. (D. C.) 116 F. 1009; 7 C. J. 260. And see the recent decision in Daniel v. Guaranty Trust Co. of New York, 285 U. S. 154, 52 S. Ct. 326, 76 L. Ed. 675. As said in Remington on Bankruptcy (3d Ed.) vol. 5, p. 514: "The order to show cause on a summary petition to surrender assets may not run into another district; for whilst it is true that the bankruptcy court of one district in possession of a res may issue a citation upon a party in another district to show cause why certain contemplated action in relation to the res should not be taken, yet it is quite another thing to issue process to be affirmatively enforced in the other jurisdiction, such as a summary order requiring a third party to do or abstain from doing a certain thing."

■ The argument is made that respondent waived the jurisdictional question by appearing at the hearing and testifying in opposition to the petition as to matters going to the merits of the controversy. There is nothing in this contention. Respondent, before joining issue on the merits, preserved his rights as to the matter of jurisdiction by special appearance and motion to quash, and by duly excepting to the action of the court in overruling this motion. Nothing is better settled than that the jurisdictional point is not waived under such circumstances. See Southern Pac. Co. v. Denton, 146 U. S. 202, 13 S. Ct. 44, 36 L. Ed. 942; Harkness v. Hyde, 98 U. S. 476, 479, 25 L. Ed. 237; Foster Milburn Co. v. Chinn (C. C. A. 2d) 202 F. 175; Stryker Deflector Co. v. Perrin Mfg. Co. (C. C. A. 2d) 256 F. 656; Southern Pac. Co. v. Arlington Heights Fruit Co. (C. C. A. 9th) 191 F. 101.

■ It follows that the order of the court below must be reversed and the cause remanded to the end that this proceeding against respondent may be dismissed. This dismissal, however, will not preclude the trustee in bankruptcy from seeking relief in the proper jurisdiction in ancillary proceedings properly instituted. As appeal under section 24a of the Bankruptcy Act (11 USCA § 47 (a) was the proper procedure for obtaining review, the appeal in No. 3577 will be dismissed. In No. 3521 the decree appealed from will be reversed for lack of jurisdiction.

No. 3521, reversed.

No. 3577, appeal dismissed.