**In the Matter of J. S. MOBILE HOMES, Bankrupt.**

**Ronald A. GLICK, Appellant,**

**v.**

**Curtis B. DANNING, Trustee, Appellee.
No. 23196.**

United States Court of Appeals,
Ninth Circuit.

Nov. 19, 1970.

Albert A. Dorn, Los Angeles, Cal. (argued), for Glick.

Stephen P. Feldman (argued), of Quittner, Stutman, Treister & Glatt, Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and CARTER, Circuit Judges.

MERRILL, Circuit Judge:

The principal questions presented on this appeal relate to the jurisdiction of the Bankruptcy Court summarily to entertain a claim that appellant had misappropriated funds belonging to the bankrupt and to order appellant to make payment to the bankrupt of the amount so misappropriated. Appellant contends that the dispute was not properly within the summary jurisdiction of the Bankruptcy Court.

The proceedings below were initiated by an application filed by the trustee to secure an order requiring appellant to pay over to the trustee the funds allegedly belonging to the bankrupt and misappropriated by the appellant. No objection to summary jurisdiction of the Bankruptcy Court was interposed by appellant in response to the referee's order to show cause. The first objection was orally registered during the course of the hearing before the referee, but the referee proceeded nevertheless. Subsequently, the District Court denied appellant's petition for review of the referee's order and ruled that under § 2(a) (7) of the Bankruptcy Act, 11 U.S.C. § 11(a) (7),[1] appellant was deemed to have consented to summary jurisdiction. We agree.

Appellant asserts that the application of the trustee was for a turnover order; that the order to show cause was couched in turnover terms; that it was not until during the course of the hearing that it became clear that what was sought was relief that was not properly the subject of a turnover order; and, hence, that his failure to have made timely objection should be construed as consent only to a turnover proceeding, not to the summary jurisdiction of the Bankruptcy Court to entertain a complaint normally within the plenary jurisdiction of the District Court or the state courts.

■ In our view the application itself refutes appellant's contentions. A turnover proceeding is similar to an action *in rem*. It is primarily intended to get at property rather than to get at a debtor. As such, it is appropriate only where the specific property in question, or the identifiable proceeds from the sale thereof, is in the possession of the respondent. It is not based on a cause of action for tortious conduct such as misappropriation. Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948). Although the application was designated "re turnover order" and contained an allegation that appellant had "no colorable claim to any of these monies or accounts belonging to the bankrupt," it clearly stated its claim in terms of tortious conversion and fraudulent transfer. It alleged that appellant "took for his own use monies in [various amounts] belonging to the bankrupt" at various times; that appellant knew or should have known that the bankrupt was insolvent during the times of these takings; and that the bankrupt received no consideration for the takings.

■ Under these circumstances appellant was amply on notice from the outset that what the trustee was after was money and that he was not limiting himself to the unlikely possibility of recover-

1. (Page 2) " * * * where in a controversy arising in a proceeding under this title an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction."

ing, *in rem*, the very money that had been misappropriated. Indeed, as appellant himself notes, appellant's possession of or other ability to deliver the very property taken was not even alleged. The *in personam* alternative claim to an equivalent amount of appellant's money was openly apparent from the start. If, in appellant's view, the Bankruptcy Court had no summary jurisdiction to entertain such a claim, objection should have been timely made pursuant to § 2(a) (7). *Cf. Wymard v. McCloskey & Co.*, 342 F.2d 495 (3d Cir.) (en banc), cert. denied 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68 (1965). Instead, appellant, in response to the application and order to show cause, denied taking for his own use any funds of the bankrupt except $500 which had been applied to his salary. This, then, was the dispute tendered to the Bankruptcy Court.

We find no merit in appellant's contention that the record does not support the court's findings of misappropriation.

Judgment affirmed.