In the Matter of **PENCO CORPORA-TION, Bankrupt.**

**Russell A. COLLINS, Trustee in Bankruptcy, Appellant,**

v.

**CARMEN COSMETICS, INC., Appellee.**

**No. 72–1166.**

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1972.

Decided Sept. 6, 1972.

**694**

A. Jeffery Bivins, Newport News, Va., for appellant.

The appellee's attorney did not file a brief and did not appear for argument.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

■ The Trustee in Bankruptcy for Penco Corporation petitioned the Referee of the Eastern District of Virginia for a turnover order against Carmen Cosmetics, Inc. The Trustee's petition reads in pertinent part as follows:

The Carmen Cosmetics, Inc., 8401 Woodward Avenue, Detroit, Michigan (48201) owes the bankrupt estate the sum of $5,074.22 for merchandise re-

turned to the Carmen Cosmetics, Inc., which had been paid for by the bankrupt estate; and the Trustee and his attorney have made demand therefor which has been refused; and Carmen Cosmetics, Inc. has failed to turn over to this petitioner as Trustee after such demand, and

The Trustee is entitled to immediate possession of said sum which Carmen Cosmetics, Inc. unlawfully withholds.

Wherefore the petitioner prays that an Order b[e] issued directed to Carmen Cosmetics, Inc., 8401 Woodward Avenue, Detroit, Michigan (48201) requiring that it show cause why it should not be ordered forthwith to turn over the said sum to the said petitioner.

The Referee entered an order on May 14, 1971, directing Carmen to appear at a show cause hearing to be held on June 23, 1971, in Newport News, Virginia. A copy of the show cause order and the Trustee's petition were served upon Carmen in Detroit, Michigan, on May 26, 1971.[1]

Carmen did not appear at the June 23 hearing. On June 28, 1971, the Referee entered an order directing Carmen to turn over the sum of $5,074.22. On the same date a copy of the turnover order was forwarded to Carmen. On July 26, 1971, Carmen filed a motion with the Referee to set aside the turnover order, on the grounds that such order is without the jurisdiction of the court;

1. Because we think Carmen entitled to prevail on the merits, we need not consider its contention that the Bankruptcy Court of the Eastern District of Virginia never acquired jurisdiction. Ordinarily we would consider the question of jurisdiction first, but in this case the jurisdictional facts were not developed below and are not contained in the record on appeal.

To issue an enforceable order requiring Carmen to turn over the property, the Referee must have in personam jurisdiction over Carmen. Noll v. Hodgson, 70 F.2d 19 (4th Cir. 1934). Without such jurisdiction underlying it, the June 28 judgment is void and Carmen is entitled to relief from it under Rule 60(b)(4),

Federal Rules of Civil Procedure. Carmen has not submitted itself to the jurisdiction of the Referee. Under Rules 4(e) and 4(f), Federal Rules of Civil Procedure, Carmen was amenable to process outside the territorial limits of Virginia only if a federal statute or a Virginia statute so provides, 1 Collier on Bankruptcy § 2.11(2.2) (14th ed. 1971); 4 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1113 (1969), and then only if there were minimal contacts, International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Moore-McCormack Lines, Inc. v. Bunge Corp., 307 F.2d 910 (4th Cir. 1962).

that the court did not have jurisdiction over Carmen Cosmetics, Incorporated, and that without waiving such claim of lack of jurisdiction the court in any event had no jurisdiction to issue a judgment order against the said defendant which order in effect amounts to a judgment for money on a disputed claim.

On August 23, 1971, the Referee, after a hearing, denied the motion:

> Carmen Cosmetics, Inc. having failed to appear and make any objections to the Court's jurisdiction when this matter was heard on June 23rd, 1971, after due notice to the said Carmen Cosmetics, Inc., the Court finds that it has summary jurisdiction over this matter and the motion is accordingly denied.

On September 1, 1971, Carmen filed a petition for review of the August 23 order in the United States District Court for the Eastern District of Virginia. As certified by the Referee, the questions presented for review were as follows:

> 1. Was a petition for review filed within ten (10) days of the entry of an order as prescribed by the Bankruptcy Act?
>
> 2. Did the Court err in assuming summary jurisdiction over Carmen?
>
> 3. Did the Court err in ordering turnover of funds, currency, in lieu of the returned goods?
>
> 4. Did the Court err in finding Carmen properly a party before the Court?

The district court, after a hearing, considered only the second and third questions. Assuming that Carmen had asserted a "genuine adverse claim" and, therefore, had a right to a plenary hearing which could be waived only by consent to summary proceedings, the district court concluded that Carmen had not consented and remanded the matter to the Referee "for such plenary proceedings as may be requested, or ordered." Apparently concluding also that the Referee had not considered whether the Trustee sought property subject to a turnover order, the court directed the Referee upon remand "to determine *what property* and in *what form* it may be the subject of further orders." From this judgment the Trustee appeals, claiming that the turnover order was not subject to review since the petition for review was not timely filed, and that the Referee properly ordered by summary proceedings the turnover of the sum of money. On appeal Carmen states only that "it believes the ruling of the District Court was plainly correct."[2] Concluding that the June 28 turnover order was subject to review by the district court, we affirm and remand with instructions.

## I. REVIEWABILITY OF THE TURN-OVER ORDER

The Trustee claims that the district judge lacked jurisdiction to review the June 28 turnover order. He contends that pursuant to section 39(c) of the Bankruptcy Act, the order became final ten days after the entry thereof, because Carmen did not file a petition for judicial review of the order or a petition for extension of time within the ten-day period. Section 39(c), 11 U.S.C.A. § 67(c), reads as follows:

> (c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall

---

become final. Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest.

■ This contention is foreclosed by Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L. Ed. 146 (1942). Carmen's September 1 petition purports to seek judicial review of the Referee's August 23 order instead of the original turnover order. The question determined by the August 23 order, however, was the validity of the earlier turnover order. In seeking review of the August 23 order, therefore, Carmen in substance seeks review of the validity of the turnover order. See Pfister, supra at 149–150, 63 S.Ct. 133. The Referee's August 23 order indicates that Carmen's July 26 motion to set aside the turnover order caused the Referee to reopen and reconsider whether he had jurisdiction to render the turnover order. Because the Referee definalized the turnover order by putting "the basis of that earlier order again in issue," the ten-day period for seeking review of that order must be measured from August 23, the date of the Referee's refinalization of the original turnover order. Pfister, supra at 149, 63 S. Ct. 133. Carmen filed its petition for judicial review on September 1, within that period.

## II. INVALIDITY OF THE TURN-OVER ORDER

The first duty of a Trustee in Bankruptcy is to collect the assets of the estate. Time is often of the essence to prevent deterioration of value and enhancement of the expense of administration, and it is this practical felt need that justifies summary procedures before the Referee to require the turnover of property in the actual possession of persons who do not assert a bona fide adverse claim to such property.

■ The proper object of a turnover proceeding is to obtain possession of *specific* property or its proceeds:

[T]his procedure is one primarily to get at property rather than to get at a debtor. Without pushing the analogy too far, it may be said that the theoretical basis for this remedy is found in the common law actions to recover possession—detinue for unlawful detention of chattels and replevin for their unlawful taking—as distinguished from actions in trespass or trover to recover damages for the withholding or for the value of the property. Of course the modern remedy does not exactly follow any of these ancient and often overlapping procedures, but the object—possession of specific property—is the same. The order for possession may extend to proceeds of property that has been disposed of, if they are sufficiently identified as such. But it is essentially a proceeding for restitution rather than indemnification, with some characteristics of a proceeding in rem; the primary condition of relief is possession of existing chattels or their proceeds capable of being surrendered by the person ordered to do so. It is in no sense based on a cause of action for damages for tortious conduct such as embezzlement, misappropriation or improvident dissipation of assets.

Maggio v. Zeitz, 333 U.S. 56, 63, 68 S.Ct. 401, 405, 92 L.Ed. 476 (1947). The abbreviated nature of the summary procedure is entirely inappropriate for ascertaining and recovering an uncertain indebtedness. The Trustee in this case might have sought to recover the specific merchandise which he says was returned to Carmen Cosmetics, Inc. Had he alleged that such merchandise was in the physical possession of Carmen or under its control and was the property of the bankrupt estate, he would prima facie be entitled to an order of turnover. Instead, the Trustee in his petition simply alleged that Carmen "owes the bankrupt estate the sum of $5,074.22 for merchandise returned . . . which had been paid for by the bankrupt estate . . . ." There was not even an allegation that the merchandise had been

resold by Carmen and that the money sought represented its proceeds. It is thus quite clear that the Trustee sought to recover neither specific merchandise nor a specific sum of money representing proceeds from the sale of said merchandise, but, instead, proceeded on a theory of indebtedness of Carmen to the bankrupt estate. Such a theory involves fact questions that are not readily resolved in a summary proceeding. Why was the merchandise returned? Was it defective? Partly defective? Was there a breach of warranty? If so, was rescission or recovery of damages Penco's proper remedy? Quite correctly, Carmen's July 26 motion to set aside the turnover order specified that the order was invalid because it was a "judgment for money on a disputed claim." Counsel have not called to our attention, nor have we been able to find, any turnover order involving a sum of money that did not relate to a particular fund, *i. e.*, money clearly identified as to the particular bills or source from whence derived. In re Walker Grain Co., 295 F. 120 (5th Cir.), cert. denied, 264 U.S. 588, 44 S.Ct. 402, 68 L.Ed. 864 (1923); In re Stavrahn, 174 F. 330 (2d Cir.), cert. denied, 216 U.S. 621, 30 S.Ct. 575, 54 L.Ed. 641 (1909); In re Cole, 163 F. 180 (1st Cir. 1907). In the case before us, there is neither pleading nor proof that there exists any money in any amount derived from the sale of the merchandise returned to Carmen. Indeed, we do not even know whether that merchandise has been resold and converted to money. As the district judge correctly stated, the law appears to be clear that a turnover proceeding is proper only where the specific property or the identifiable proceeds therefrom is in the possession of the respondent. In re J. S. Mobile Homes, 434 F.2d 1294 (9th Cir. 1970). We also agree with the district judge that turnover proceedings are essentially quasi in rem in nature and may not be used to get to a debtor, or even a tortfeasor. Maggio v. Zeitz, *supra*; In re J. S. Mobile Homes, *supra*.

By way of summary, we hold that the Referee's turnover order was subject to review by the district judge, and that the Referee erred in asserting summary jurisdiction over the Trustee's indebtedness claim against Carmen.

On remand, the district judge will enter an order requiring the Referee to vacate the turnover order and to dismiss in the bankruptcy proceeding in the Eastern District of Virginia the claim against Carmen, but without prejudice to the right of the Trustee to seek relief "in the proper jurisdiction in ancillary proceedings properly instituted." Noll v. Hodgson, 70 F.2d 19, 21 (4th Cir. 1934).

We affirm the decision of the district court that the Referee "erred in assuming . . . summary jurisdiction in this matter."

Affirmed and remanded with instructions.