862 F.2d 313
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold Dean BARNES, individually and t/a Barnes Used Cars,
Plaintiff-Appellee,
v.
AAACON AUTO TRANSPORT, INC., a New York Corporation,
Defendant-Appellant.
 No. 87-1673.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 18, 1988.
 Decided Nov. 3, 1988.
Rehearing Denied Dec. 8, 1988.
 
 Ralph J. Zola, Zola & Zola on brief for appellant.
 Shelly E. Mintz, Joseph, Greenwald and Laake, P.A. on brief for appellee.
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 AAACON Auto Transport, Inc. appeals an order of the United States District Court for the District of Maryland confirming an arbitration award in favor of Barnes Used Cars. AAACON bases its appeal on the fact that it was not properly served notice of application for judgment in the District Court of Maryland, pursuant to the Arbitration Act, 9 U.S.C. Sec. 9 (1947). We find this failure to serve notice on AAACON voided the judgment below and hold, pursuant to Fed.R.Civ.P. 60(b)(4), that the judgment is to be vacated and the case remanded to the lower court with instructions that service of the notice of application be effected in the proper fashion.
 
 I.
 
 2
 On or about September 1, 1983, the parties entered into a written contract in the State of Maryland wherein Barnes Used Cars agreed to provide AAACON Auto Transport, Inc. with transportation by truck of automobiles. The parties, under the terms of their contract, agreed to settle by arbitration any controversy arising out of the contract.
 
 
 3
 A controversy did arise between the parties and on August 27, 1984, Barnes filed a demand for arbitration with the American Arbitration Association and requested a hearing in the State of Maryland or the Washington, D.C. metropolitan area. An arbitration proceeding was held in the law offices of counsel for Barnes, located in Hyattsville, Maryland. On January 7, 1986, the arbitrator entered an award ordering AAACON to pay Barnes $16,982.24 as the balance due of unpaid freight after deduction of allowed setoffs, and $7,500.00 as the balance due on a purchase contract, plus interest at 10% annually from the day the payments were due under contract of sale.
 
 
 4
 Barnes filed a timely petition for an order confirming the award of the arbitrator in the United States District Court for the District of Maryland. No notice of application was served on AAACON. On May 13, 1986, an order confirming the award was entered.
 
 
 5
 On March 18, 1987, approximately ten months after entry of judgment, counsel for AAACON filed a "Notice of Motion" to set aside the order. The district court denied this motion as untimely filed, noting that defendant's failure to file such a motion until over ten months after the order was an unreasonable delay pursuant to Fed.R.Civ.P. 60(b). AAACON appeals.
 
 II.
 
 6
 As noted, Barnes sought to have judgment entered upon his arbitration award in the District of Maryland. Such a judgment must be in conformity with the procedures in the Arbitration Act, 9 U.S.C. Sec. 9 (1947). Section 9 provides, in pertinent part:
 
 
 7
 If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.
 
 
 8
 Id. (emphasis added).
 
 
 9
 Pursuant to Section 9, if a judgment of a district court is to be entered upon an arbitration award, notice of the application for judgment shall be served upon the adverse party. By its terms, Section 9 also provides that such notice is required to vest the court with in personam jurisdiction over the party who is served. See Reed & Martin, Inc. v. Westinghouse Electric Corp., 439 F.2d 1268, 1276-77 (2d Cir.1971) (court holding "Arbitration Act provides for a specific means of obtaining personal jurisdiction ..."; presumably notice is one of such procedures). Here, no notice was served on AAACON. Accordingly, the district court's judgment is void because the court lacked in personam jurisdiction over AAACON. In Re Penco Corporation, 465 F.2d 693, 694 n. 1 (4th Cir.1972).*
 
 III.
 
 10
 Rule 60(b)(4) permits parties to challenge a void judgment; AAACON, in fact, did so. The district court, however, denied appellant's 60(b)(4) motion on the grounds that AAACON's delay in filing its motion was unreasonable. We disagree.
 
 
 11
 Courts and commentators have universally recognized that under Rule 60(b)(4) a void judgment can be challenged at anytime. See, e.g., Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.1987); Katter v. Arkansas Louisiana Gas Co., 765 F.2d 730, 734 (8th Cir.1985); Hospital Mortgage Group, Inc. v. Parque Industrial Rio Canal, Inc., 653 F.2d 54, 56 (1st Cir.1981); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2862 (1973). If a court lacked jurisdiction over a party, its judgment is void, and the absence of jurisdiction is open to challenge under Rule 60(b) without the same time constraints imposed on other motions under the Rule. The requirement of notice under the Arbitration Act is explicitly framed in jurisdictional terms. The overwhelming weight of authority holds AAACON's motion not to be untimely.
 
 
 12
 We therefore remand with instructions that AAACON be served with notice in the manner contemplated by the statute and that it be permitted to enter timely objections to the confirmation of the arbitration award.
 
 
 
 *
 If appropriate notice were served on AAACON, jurisdiction over AAACON would lie in the District of Maryland. While Barnes was filing a demand for arbitration in Maryland, AAACON filed suit in the United States District Court for the Southern District of New York against Barnes. Barnes filed a timely motion to dismiss for lack of in personam jurisdiction and to submit the matter to arbitration. On March 14, 1985, the district court in New York held that arbitration in the State of Maryland was proper and that AAACON had failed to make a prima facie showing that the United States District Court for the Southern District of New York had jurisdiction over Barnes
 The Arbitration Act, 9 U.S.C. Sec. 9 (1947), states that where "no court is specified in the agreement of the parties, ... application may be made to the United States court in and for the district within which such award was made." Here, the agreement specifies no court. The arbitration proceedings were held and the award made in Maryland. As such, the District of Maryland would have jurisdiction upon proper service of process.